77-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
NEPTUNE SHIPPING S.A.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NEPTUNE SHIPPING S.A.,

                      Plaintiff,

   -against-

PROBULK CARRIERS LTD,

                      Defendant.
-----------------------------------------------------------------x

08 CV 1320

08 Civ _____ ( ___ )

**VERIFIED COMPLAINT**

       Plaintiff, NEPTUNE SHIPPING S.A. (hereinafter "NEPTUNE") for its Verified Complaint against Defendant PROBULK CARRIERS LTD (hereinafter "PROBULK") alleges upon information and belief as follows:

       1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party.  This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2.      At all times material hereto, Plaintiff NEPTUNE was and still is a foreign business entity duly organized under the laws of a foreign country with an address at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960.

3.      At all times relevant hereto, Defendant PROBULK was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 80 Broad Street, Monrovia, Liberia.

4.      On or about October 16, 2007, Plaintiff NEPTUNE, as disponent owner[1] of the M/V STAR ZETA ex I DUCKLING, entered into a maritime contract of charter party with Defendant PROBULK, as charterer.

5.      Under the charter, the vessel was to be in the service of PROBULK until February 28, 2008 and redelivered to NEPTUNE no earlier than that date.

6.      Hire was payable by Defendant PROBULK at a rate of $65,000 per day pro rata 15 days in advance for the entire length of the charter period.

7.      Plaintiff NEPTUNE duly tendered the vessel into the service of Defendant PROBULK and fully performed its obligations as required under the charter.

8.      In breach of the charter party, PROBULK redelivered the vessel to NEPTUNE **23.65** days early on February 4, 2008 at 0830 hours.

9.      NEPTUNE mitigated its damages by procuring a substitute fixture for the vessel beginning on February 6, 2008 at a rate of $34,000 per day pro rata.

10.     Accordingly, NEPTUNE realized a lost profit in the amount of $107,024.30 ($65,000 x 1.65 days for the period between February 4 at 0830 and February 6 at 0001) + ($65,000 − 34,000 = $31,000/day x 22 days February 6 at 0001 and February 28 at 0001) = $685,222.46.

---

[1] NEPTUNE is not the actual owner but instead chartered it from another entity.

11. In further breach of the charter party, and despite due demand, Defendant PROBULK has refused and/or otherwise failed to pay amounts due and outstanding under the charter party, and the entire amount of $685,222.46 remains due and owing.

12. The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London, England and NEPTUNE specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has been commenced.

13. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff NEPTUNE's claims made or to be made in arbitration in London under English law, as agreed by the parties.

14. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

15. Plaintiff NEPTUNE estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration will be $100,000. Interest anticipated to be awarded is estimated to be $102,017.14 (calculated at the rate of 7% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

16. In all, the claim for which Plaintiff IHC sues in this action, as near as presently may be estimated, totals $887,239.60, no part of which has been paid by Defendant PROBULK. Plaintiff NEPTUNE specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure NEPTUNE.

## Request for Rule B Relief

17. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant PROBULK CARRIERS LTD (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

18. The total amount sought to be attached pursuant to the above is **$887,239.60**.

WHEREFORE, Plaintiff NEPTUNE SHIPPING S.A. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$887,239.60** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant PROBULK CARRIERS LTD, including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the

    possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.    That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       February 8, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
NEPTUNE SHIPPING S.A.

By: _____
Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005
(212) 425-1900

NYDOCS1/298682.1

5

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

        MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.     I am an associate with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.     The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.     The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

                                                                           */s/ Michael E. Unger*
                                                                                Michael E. Unger

Sworn to before me this
8th day of February 2008

_/s/ Melissa Colford_
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08